# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SEAN RYAN,                                    )
                                             )
                Plaintiff,                    )
                                             )
        v.                                    )        C.A. No.: N20C-06-203 SSA
SCHUYLER LINE NAVIGATION                      )
COMPANY, LLC and ARGENT                       )
MARINE OPERATIONS, INC.,                      )
                                             )
                Defendants.                   )

Submitted: May 20, 2026
Decided: July 6, 2026

The Court must determine whether to dismiss this case for Plaintiff's failure to prosecute after it has been pending in this Court for six years, but without a trial date for more than eighteen months. Since his passing in 2024, at least one of Plaintiff's claims survived for his wife, Mrs. Graciela Ryan ("Mrs. Ryan" or "Executrix") to continue litigating as personal representative of his estate. Mrs. Ryan elected not to continue with former counsel. Mrs. Ryan is not an attorney, and—despite the Court's accommodation via multiple extensions—she has neither obtained representation nor addressed if she may proceed *pro se* on behalf of an estate with multiple beneficiaries.

Nine months have passed since former counsel withdrew. Mrs. Ryan now asks this Court to act beyond its authority and move the case to the Commonwealth

of Virginia.  Considering the record and law, the Court grants Defendants' Motion to Dismiss for failure to prosecute pursuant to Superior Court Civil Rule 41.

### *Procedural History*

Through his then-attorneys, Plaintiff filed this lawsuit six years ago, seeking relief for injuries he allegedly sustained while employed as Defendants' crewmember.[1]  The Complaint alleges: (1) negligence under the Jones Act; (2) unseaworthiness; and (3) maintenance and cure.[2]  The matter was, for a time, heavily litigated in this Court.

Plaintiff passed away in 2024.[3]  His death was unrelated to the injuries alleged in this case.[4]  Several months later, Plaintiff's former counsel moved to substitute the Estate's personal representative for Plaintiff.[5]  The Defense argued this was untimely.[6]  On November 26, 2024, the Court heard argument on this and other

---

[1] D.I. 22, at 2.

[2] *Id.* at 3–5.  The Jones Act, codified at 46 U.S.C. § 30104, provides that "a seaman may sue in negligence for injuries suffered during the course of his employment." *Williams v. Dann Marine Towing, LC*, 237 A.3d 820, 825 (Del. Super. Ct. 2020) (citations omitted).  Plaintiff's latter two claims arise from the general maritime law. *See generally The Dutra Grp. v. Batterton*, 588 U.S. 358, 360–61, 363, 365 (2019).  An unseaworthiness claim sounds in "the [vessel] owner's duty to furnish a seaworthy ship…." *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 549 (1960) (citations omitted).  And "'[a] claim for maintenance and cure concerns the vessel owner's obligation to provide food, lodging, and medical services to a seaman injured while serving the ship.'" *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 407–08 (2009) *quoting Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001).

[3] D.I. 52.

[4] D.I. 99, at 8.

[5] D.I. 69, at 1.

[6] "Plaintiff's failure to bring a timely motion to substitute is the latest in a series of delays that have beset this case."  D.I. 73, at 4 n.2.

issues. At that time, the Court granted the Motion to Substitute.[7] Further litigation ensued, with trial set for January 13, 2025.[8]

On the eve of trial, Plaintiff's former counsel advised Mrs. Ryan, the executrix of the estate, had not signed a formal attorney-client agreement.[9] After hearing from Defendants and noting its own concerns, this Court granted the emergency request.[10] No trial date was set, as Plaintiff's representation was unclear.

Several months passed without update. In June of 2025, the Court inquired.[11] Defendants responded and, in part, requested this Court issue an order to show cause pursuant to Rule 41(e).[12] Plaintiff's counsel asked for thirty days to resolve the issue.[13] The Court convened a hearing on July 24, 2025, at which time Plaintiff's counsel advised they would file a Motion to Withdraw from Representation;[14] which was filed and served on Mrs. Ryan.[15] Defendants did not oppose, "[g]iven Mrs. Ryan's longstanding refusal to properly engage counsel…."[16] Defendants flagged a consequence of withdrawal: citing both federal and state cases, they noted that

---

[7] D.I. 75.
[8] D.I. 99, at 10.
[9] D.I. 107.
[10] For one, the Court noted, "it is unclear how [the firm] substituted the Estate in this action without the Estate's consent in the first instance." D.I. 109, at 1.
[11] D.I. 111.
[12] D.I. 112, at 2.
[13] D.I. 113.
[14] D.I. 114.
[15] D.I. 115; D.I. 116.
[16] D.I. 117, at 2.

"[s]ince the beneficiaries of the survival action would include Mrs. Ryan's children, she could not act pro se in this action."[17]

Mrs. Ryan and all attorneys appeared in-person at a September 4 hearing. After speaking with Mrs. Ryan at length and seeing that she did not intend to proceed with prior counsel, the Court gave her ninety days to find new counsel. The Court granted the Motion to Withdraw.[18] Three months lapsed without hearing anything more.

On the day of her deadline—December 4, 2025—Mrs. Ryan filed a *pro se* request for an extension; she gave no reason for her request, other than to note that she lives in Virginia.[19] Recognizing her situation and status, the Court extended the deadline to January 23, 2026."[20] On January 22, 2026, the Court received another extension request.[21] Granting this second request, the Court directed Mrs. Ryan to engage counsel by March 16, 2026.[22]

Defendants filed a Motion to Dismiss for failure to prosecute.[23] The Court scheduled a hearing for April 17, 2026. The day before that hearing, Mrs. Ryan emailed Chambers documenting her request for "a formal Appeal[.]" She

---

[17] *Id.* at 3 n.1.
[18] D.I. 118.
[19] D.I. 120.
[20] D.I. 122, at 2.
[21] D.I. 124. The filing alluded to "a recent death in the family…." *Id.* at 2.
[22] D.I. 125.
[23] D.I. 126.

represented she went to a Virginia court seeking to move this case to that jurisdiction; while there, someone advised her she needs a lawyer.[24]

At the April 17 hearing, Mrs. Ryan again appeared without counsel. She expressed her wish to move the case to Virginia. The Court emphasized that it had no such power to do so. Mrs. Ryan was given another extension to obtain counsel— to May 18. The Court asked if—should she not secure counsel by May 18— was it her intention to proceed without an attorney. Mrs. Ryan responded that she intended to proceed *pro se*. To flesh out whether she could do so, the Court directed Defendants to brief their position by May 1. Further, the Court told Mrs. Ryan— again, if she had not hired counsel—to respond to Defendants' filing regarding *pro se* representation by May 18.[25]

Defendants filed a letter brief concerning Mrs. Ryan's ability to litigate this case *pro se*.[26] Their position is that—whether under Federal law, Virginia law, or Delaware law—Mrs. Ryan cannot act *pro se* on behalf of an estate with other beneficiaries. They also argue Plaintiff's general maritime law claims do not survive his death.

---

[24] D.I. 130.
[25] D.I. 132.
[26] D.I. 134.

Instead of filing a response that outlined her ability to act *pro se* as Executrix of Plaintiff's Estate, Mrs. Ryan has again moved to change venue to Virginia.[27] Within this filing, she asserts hardship litigating in Delaware.[28]

### *Legal Standards*

Superior Court Civil Rule 41(b) permits dismissal upon the defendant's motion "[f]or failure of the plaintiff to prosecute or to comply with these Rules, or any order of Court…." The Court's "authority … to dismiss an action … under Rule 41(b) stems from [its] inherent power to 'manage its own affairs and to achieve the orderly and expeditious disposition of its business.'"[29] When "making this decision, the court must weigh the circumstances of each case and 'the need for judicial economy against Delaware's preference for affording the litigant [his or her] day in court.'"[30] Delaware has a longstanding policy favoring adjudication on the merits.[31]

---

[27] D.I. 135.

[28] *Id.* at 7 ("I have found limited resources available to me … only if I change the place of venue to my place of residence in Virginia…."). *See also id.* at 3 (stating her need to move the case to Virginia so as to 'move forward with proper representation').

[29] *Harrison v. Del. Supermarkets, Inc. ex rel. Shoprite of Christiana Crossing*, 93 A.3d 653, at *3 (Del. 2014) *quoting Gebhart v. Ernest DiSabatino & Sons, Inc.*, 264 A.2d 157, 159 (Del. 1970).

[30] *Breeding v. Hillandale Farms of Del., Inc.*, 2011 WL 378847, at *2 (Del. Super.) (alteration in original) *first quoting Gregory v. Hyundai Motor Am.*, 2008 WL 2601388, at *2 (Del. Super.); *and then citing Park Centre Condominium Council v. Epps*, 723 A.2d 1195, 1199 (Del. Super. Ct. 1998).

[31] *See Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 798 (Del. 2001) *citing Battaglia v. Wilmington Sav. Fund Soc.*, 379 A.2d 1132, 1135 (Del. 1977).

On the other hand, "[d]efendants also deserve court protection and should not have lawsuits hanging over their heads for unnecessarily long periods of time."[32] Additionally, "problems arising from a *pro se* litigant's lack of familiarity with the law and court procedures … must be considered."[33] Against these considerations, "[w]here … a plaintiff has almost completed trial preparation and the litigation stalls because of the departure of counsel, the trial court should make some effort to get the case back on track before dismissing for failure to prosecute."[34] The concern is "hasty termination of lawsuits."[35]

There is guidance on Rule 41's application to unrepresented parties. In *Harrison v. Delaware Supermarkets, Inc.*, our Supreme Court affirmed dismissal after a *pro se* plaintiff repeatedly failed "to comply with the court's scheduling orders and controlling Delaware law."[36] There, Plaintiff repeatedly flouted deadlines for required expert testimony, with over five months passing from the first deadline to the Court's order of dismissal.[37] In another case, *Vrem v. Pitts*, three months and

---

[32] *Id.* at *2. *See also id. quoting Gebhart*, 264 A.2d at 160 ("While a court may have sympathy for a plaintiff, when dismissing a claim, 'we may not overlook the rights of the defendant.'").

[33] *Id.* at 798. *See also Johnson v. Gudzune*, 2014 WL 7009868, at *1 (Del. Super.) ("Regarding in particular *pro se* litigants, efforts affording the opportunity to remedy such parties' failures to litigate are to be provided before dismissal."). Nevertheless, "[t]here is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate an unrepresented plaintiff." *Draper*, 767 A.2d at 799.

[34] *Draper*, 767 A.2d at 798. *See also Johnson*, 2014 WL 7009868, at *2–3.

[35] *Johnson*, 2014 WL 7009868, at *3 *citing Christian v. Counseling Res. Assoc., Inc.*, 60 A.3d 1083, 1087 (Del. 2013).

[36] *Harrison*, 93 A.3d 653, at *3 (Del. 2014).

[37] *Id.* at *1–2.

several extensions passed for the plaintiff to obtain counsel after her local counsel withdrew.[38]  When she failed to do so or participate in pre-trial proceedings, the Court dismissed the action[39]

*Draper* reminds the Court that it must take action where possible to enable adjudication on the merits.[40]  Chiefly, "where it was reasonable for the *pro se* litigant to have been waiting for the trial court to take action following a remand," the Delaware Supreme Court found "dismissal for failure to prosecute inappropriate."[41] *Draper* did not involve the plaintiff's conduct, while *Harrison* and *Vrem* involved conduct (or non-conduct) within the plaintiffs' control.

Regarding timing, Rule 41(b) provides no set "amount of time that must elapse before dismissal";[42] nevertheless, "consideration should be given to the time specified in Rule 41(e)."[43]  Under subsection (e), failure to prosecute after six months warrants notice of dismissal; where no action follows that notice within thirty days, the Court shall dismiss the case.[44]

---

[38] *Vrem v. Pitts*, 44 A.3d 923, at *1–2 (Del. 2012).
[39] *Id.* at *2–3.
[40] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796 (Del. 2001).
[41] *Id.* at 799 (Del. 2001).
[42] *Breeding v. Hillandale Farms of Del., Inc.*, 2011 WL 378847, at *1 (Del. Super.).
[43] *Ayers v. D.F. Quillen & Sons, Inc.*, 188 A.2d 510, 511 (1963).
[44] Super. Ct. Civ. R. 41(e).  Rule 41(e) governs *sua sponte* dismissal, but "[t]he effect of a dismissal under either Rule [41(b) or 41(e)] is the same."  *Swann v. Cannon*, 1979 WL 182432, at *1 (Del. Super.).  Procedurally, this Court has not issued a notice pursuant to Rule 41(e); however, Defendants' motion provided notice.  *See* D.I. 126.

## *Pro Se* Representation of an Estate with Multiple Beneficiaries

The nature of Plaintiff's claims—all federal—is material here, since "the 'source of the governing law … is in the national, not the state, governments.'"[45] Regarding Plaintiff's Jones Act claim: despite shared jurisdiction among federal and state courts,[46] "[t]he United States Supreme Court 'has specifically held that the Jones Act is to have a uniform application throughout the country unaffected by local views of common law rules.'"[47] A similar mandate holds true for the general maritime law.[48]

In determining whether Plaintiff's non-attorney Executrix may enforce his federal rights *pro se*, the Court must "not deprive [Plaintiff] of any substantial admiralty rights…."[49] "States may apply their own neutral procedural rules to federal claims, unless those rules are pre-empted by federal law."[50] In the admiralty

---

[45] *Miller v. Phillips Petroleum Co. Nor.*, 537 A.2d 190, 195 (Del. 1988) *quoting Garrett v. Moore–McCormack Co.*, 317 U.S. 239, 245 (1942).

[46] *Id.* at 194 (citations omitted) (emphasis removed).

[47] *Id.* at 195 *quoting Garrett*, 317 U.S. at 244. The same goes for FELA. *Garrett*, 317 U.S. at 244 (citation omitted) ("[FELA] also requires uniform interpretation.").

[48] Namely, "when state courts purport to enforce federally created rights, they must apply the contents of those rights as determined by" the United States Supreme Court. *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 418 (1953) (Frankfurter, J., concurring) *citing Garrett*, 317 U.S. 239. *See also Panama R.R. Co. v. Johnson*, 264 U.S. 375, 385–86 (1924) (discussing placement "of the general maritime law …. under national control…."); *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 424 (2009) (alluding to "[t]he laudable quest for uniformity in admiralty….").

[49] *Pope & Talbot, Inc.*, 346 U.S. at 410 (citations omitted).

[50] *Howlett v. Rose*, 496 U.S. 356, 372 (1990) (citations omitted).

sphere, weighing maritime law against state law is a "process … of accommodation, … or a process somewhat analogous to the normal conflict of laws situation…."[51]

In short, the threshold concern is what law determines whether Mrs. Ryan may proceed unrepresented: federal law, given Plaintiff's federal causes of action and their espoused uniformity interest;[52] or state law, given that Delaware law ordinarily governs proceedings and conduct before this Court.[53] Since both sources of law provide the same answer,[54] the Court need not undertake a full choice-of-law analysis.[55] For the reasons that follow, under federal or Delaware law, Mrs. Ryan may not prosecute the claims of an estate with multiple beneficiaries.

---

[51] *Kossick v. United Fruit Co.*, 365 U.S. 731, 739 (1961).

[52] *See Miller*, 537 A.2d at 195 *quoting Garrett*, 317 U.S. at 244; *Atl. Sounding Co.*, 557 U.S. at 424.

[53] *In re Polk*, 329 A.3d 503, at *2 (Del. 2024) (citations omitted) (discussing the Delaware Supreme Court's "inherent authority and duty to govern the practice of law in Delaware…."); *Perry v. Haines*, 191 U.S. 17, 44 (1903) (citation omitted) ("That a state has full control over the practice and procedure to be pursued in its courts has been often adjudged."); *In re Theokary*, 592 F. App'x 102, 106 (3d Cir. 2015) *citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 32 (1991) (discussing "the court's obligation to regulate the conduct of the attorneys and parties who appear before it.").

[54] Even if there were a conflict, Delaware law would likely apply. Like in *American Dredging Co. v. Miller*, regulation of who may prosecute a case best "goes to process rather than substantive rights…." 510 U.S. 443, 453 (1994). That is, appearing *pro se* is not "a part of the very substance of [Plaintiff's] claim[,]" but is instead best "considered a mere incident of a form of procedure." *Id.* at 454 *quoting Garrett*, 317 U.S. 239. Whether one may appear without a lawyer "does not bear upon the substantive right to recover[] and is not a rule upon which maritime actors rely in making decisions about primary conduct…." *Id.* Further, like the doctrine at issue in *American Dredging Co.*, regulation of the practice of law is easily "a matter of 'local policy….'" *Id.* at 456 (citation omitted).

[55] *See generally Calhoun v. Yamaha Motor Corp., U.S.A.*, 40 F.3d 622, 625 (3d Cir. 1994) ("In the absence of a clear conflict, state law rules of decision should apply."); *Diesel "Repower", Inc. v. Islander Invs. Ltd.*, 271 F.3d 1318, 1323 (11th Cir. 2001) ("First, we look at the state law…. Second, we determine whether admiralty law conflicts with state law.").

### *Federal Law*

Most federal circuit courts hold that a personal representative may not purport to act *pro se* for an estate, particularly where that estate has multiple beneficiaries or creditors. The Third Circuit held "[i]f an estate has one or more beneficiaries besides the administrator, then the case is not the administrator's own because the interests of other parties are directly at stake."[56] Not only does the inquiry involve beneficiaries, but it may also involve creditors.[57] Thus, "[t]he interests of other parties, such as beneficiaries, may not be represented by a non-attorney administrator…."[58] Other circuits reach substantially the same conclusion.[59] The

---

[56] *Murray ex rel. Purnell v. City of Phila.*, 901 F.3d 169, 171 (3d Cir. 2018).

[57] *Id.* at 171 n.2 ("Other courts have indicated that an estate's creditors may also have interests in that estate.").

[58] *Id.* at 171 (internal citation omitted).

[59] *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]n administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant."); *Witherspoon ex rel. Est. of Robinson v. Jeffords Agency, Inc.*, 120 F. App'x 999, 1000 (4th Cir. 2005) (affirming dismissal "without prejudice for failure to comply with the magistrate judge's order to retain counsel."); *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 211 (5th Cir. 2016) ("A person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors."); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citation omitted) ("[Appellant] cannot proceed *pro se* … because he is not the sole beneficiary of the decedent's estate."); *Malone v. Nielson*, 474 F.3d 934, 936–37 (7th Cir. 2007) (citations omitted) (nonlawyer parents "may not represent the interests of [decedent's] four brothers and sisters."); *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (citations omitted) ("Adrian Jones is not the only beneficiary/creditor…. Thus, as a non-attorney, [he] may not engage in the practice of law on behalf of others."); *Iriele v. Griffin*, 65 F.4th 1280, 1285 (11th Cir. 2023) (citations omitted) ("We join several of our sister circuits … prohibiting executors of estates from representing the estate in federal court *pro se* where the estate has additional beneficiaries and/or creditors."). *But see Reshard v. Britt*, 839 F.2d 1499 (11th Cir. 1988). There, "the *in banc* court [was] equally divided on the proper disposition[,]" but it affirmed the district court's dismissal by operation of law. *Id.*

central concern is that "[a] non-lawyer representative … would be litigating claims that are not personal to him."[60]  Additionally, practical considerations guided the *Murray* court: "[a]ttorneys' training, experience, and their 'ethical responsibilities and obligations' help ensure that a represented party's interests are not squandered."[61]  Crucially, "[o]nly attorneys may be sued for legal malpractice…."[62]

There are some exceptions.[63]  The Fifth Circuit identified "a minor course correction" in *Raskin ex rel. JD v. Dallas Independent School District*.[64]  There, the majority concluded that "where a state has decided that *pro se* parental representation *does* adequately protect children's rights, … [federal law on *pro se* representation] does not allow us to interfere absent extenuating circumstances."[65]  The key inquiry is whether "federal or state law designated Raskin's children's cases as belonging to her."[66]  However, *Raskin* involved direct and derivative claims—not an estate.[67]

---

[60] *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998).
[61] *Murray ex rel. Purnell*, 901 F.3d at 171 (citations omitted).
[62] *Id.* at 171–72 (citation omitted).
[63] *Maldonado ex rel. Maldonado v. Apfel*, 55 F. Supp. 2d 296, 305 & n.11 (S.D.N.Y. 1999) (SSI claims); *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (sole beneficiary of estate that has no creditors); *Benton v. Layton*, 628 F. Supp. 3d 661, 668 (E.D. Va. 2022) (same); *Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1179–80 (9th Cir. 2024) (collecting cases which employ "a more flexible approach" to the 'counsel mandate' rule).  *See also Iriele*, 65 F.4th at 1285 ("[T]he district court may not simply dismiss the case without providing the plaintiff an opportunity to cure the deficiency.").
[64] *Raskin ex rel. JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 286 (5th Cir. 2023).
[65] *Id.* (citations omitted).  *Pro se* action in federal court implicates 28 U.S.C. § 1654, which "provides for *pro se* representation in any case that is a party's 'own.'"  *Id.* at 283 *quoting* 28 U.S.C. § 1654.
[66] *Id.* at 282.  Thus, "the district court erred in failing to consider whether federal or state law designates Raskin's children's claims as her 'own' such that she can represent them."  *Id.* at 286.
[67] *Id.* at 287 (Oldham, J., dissenting in part and concurring in the judgment).

*Raskin*'s decision rests on policy considerations, "[w]hen counsel is unavailable, the absolute bar [against representation of another] 'undermine[s] a child's interest in having claims pursued for him or her,' and 'may force minors out of court altogether.'"[68] Further, when "deciding whether appointment of counsel is warranted," the court stated that "district courts may also account for whether denying counsel to a minor litigant would force the minor out of court and prejudice the minor's claim."[69]

### *Other State Law*

In 2020, the Supreme Court of Appeals of West Virginia surveyed state law decisions on "whether … a non-attorney executor's representation of the estate in court proceedings constituted the unlawful practice of law."[70] The court reflected that "every state to consider the matter has concluded that the executor or administrator of an estate cannot represent the estate in court proceedings…."[71] One decision differed—but it was limited to a non-attorney executor who was sole heir to an estate not otherwise subject to any judgments or claims.[72]

---

[68] *Id.* at 286 (majority) (third alteration in original) *quoting Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 286 (2d Cir. 2005).
[69] *Id.* at n.8 *citing Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).
[70] *Est. of Gomez v. Smith*, 845 S.E.2d 266, 275 (W. Va. 2020).
[71] *Id.*
[72] *Id.* at 276 (citations omitted).

### *Delaware Law*

Defendants point to several cases for the proposition that "Delaware law is plain that a non-attorney cannot represent another's interests in litigation."[73]  For several reasons, this prohibition extends to an estate with multiple beneficiaries.  An estate is an artificial entity, thereby meaning it cannot appear without an attorney.  Delaware prohibits non-attorney representation of another.

Starting with the artificial entity framework: "an artificial entity[] can only act through its agents[,]" meaning that the entity may appear "before a court only through an agent duly licensed to practice law."[74]  An estate is an artificial entity.[75]  Accordingly, "it cannot itself practice law[,]"[76] and the estate must appear through

---

[73] D.I. 134, at 2.

[74] *Transpolymer Indus., Inc. v. Chapel Main Corp.*, 582 A.2d 936, at *1 (Del. 1990) (citations omitted).  *See also Higgin v. Off. of the Fire Marshall*, 2024 WL 4719650, at *1 (Del. Super.) ("Under Delaware law, legal entities may not appear in a matter *pro se*, but must be represented by counsel.").  The Court treats the terms 'artificial entity' and 'legal entity' as interchangeable in this context.  *See generally Transpolymer Indus., Inc.*, 582 A.2d 936.

[75] *See Wright v. Christiana Hosp.*, 2004 WL 1965885, at *1 (Del. Super.) ("Even if Mr. Wright were the estate's representative, the estate is a separate entity."); Supr. Ct. R. 57(a)(1) ("'Artificial entity' means … any estate for which an executor or administrator can act pursuant to 12 *Del.C* . § 1501 *et. seq.* ….").  Although Rule 57 principally "guide[s] artificial entities and pro se litigants in civil actions before JP Courts[,]" *Moises Maldonado's Makeovers v. Jones*, 2025 WL 1090989, at *4 (Del. Super.) (citations omitted), this Court treats it as reflective of the Supreme Court's conception of artificial entities.  *See id.* at *5 (collecting cases) ("Since Rule 57 became effective, Delaware courts have consistently prohibited corporate entities from being represented by non-lawyers, except in JP Courts."); *Tigani ex rel. Irrevocable Tr. for Benefit of Tigani v. Dir.*, 2020 WL 5237278, at *4 (Del. Super.) *quoting* Rule 57.  Moreover, Rule 57 merits special weight here.  *Gibson v. N. Del. Realty Co. Stoneybrook Townhomes*, 1996 WL 659480, at *2 (Del. Super.) (citations omitted) ("[T]he Delaware Supreme Court is the sole and exclusive authority … to exclude unauthorized persons from the practice of law.").

[76] *Gibson*, 1996 WL 659480, at *2.

an attorney.[77]  Because an estate depends on its agents, and only lawyers may represent another in court,[78] estates may not proceed *pro se* in Delaware.

Some decisions of this Court appear to condone the practice, though a close reading reveals the Court did not squarely reach the issue.[79]  For instance, *Norris* addressed other legal issues and gave leave for Plaintiff to supplement the record on representation-- it did not squarely address the representation of an estate with beneficiaries by a non-lawyer.[80]  *Estate of Reilly* was dismissed on other grounds.[81]

---

[77] *See Tigani ex rel. Irrevocable Tr. for Benefit of Tigani*, 2020 WL 5237278, at *4–5 (collecting and applying analogous cases).

[78] "The court's rules firmly establish that only licensed attorneys may represent others in court." *Wright*, 2004 WL 1965885, at *1 *citing* Super. Ct. Civ. R. 90(a).

[79] *See Norris v. Reybold Grp. of Cos.*, 2025 WL 3124639 (Del. Super.); *Gross-Stannard v. Pathmark Stores*, 1998 WL 732944 (Del. Super.); *Est. of Reilly v. Turko*, 2022 WL 301701, at *3 (Del. Super.).  *Norris* provides the strongest language, stating that "the administrator or executor of [the decedent plaintiff's] estate has the *authority to act prose*." *Norris*, 2025 WL 3124639, at *3 n.9 (emphasis added).  And in *Gross-Stannard*, an administrative appeal, when the deceased appellant's daughter requested additional time to obtain an attorney, one of the options the Court gave her was to indicate "that the administrator or executor will be handling the case *pro se*…." *Gross-Stannard*, 1998 WL 732944, at *1.

[80] *Norris*, 2025 WL 3124639, at *1.  "[A] wrongful death action confers the right upon a surviving loved one to maintain an action to recover damages for the death and loss occasioned." *Cooper ex rel. Est. of Locke v. Seasons Hospice & Palliative Care of Del., Inc.*, 2024 WL 469514, at *3 (Del. Super.).  The decedent's personal representative may bring the wrongful death claim, thus explaining the estate's presence as a party—*see Price v. Blood Bank of Del., Inc.*, 790 A.2d 1203, 1213 (Del. 2002) (citation omitted)—but it "is a requirement for recovery for wrongful death" that the surviving loved one "file … in her individual capacity…." *Cooper ex rel. Est. of Locke*, 2024 WL 469514, at *3 (citation omitted).  Albeit derivative, *see Spadaro v. Abex Corp.*, 1993 WL 603378, at *1 (Del. Super.) (citation omitted), wrongful death in Delaware "is not predicated upon the personal injuries sustained by the deceased, but rather upon his wrongful death and the loss occasioned thereby." *Coulson v. Shirks Motor Exp. Corp.*, 107 A.2d 922, 924 (Del. Super. Ct. 1954) (citation omitted).

[81] *Est. of Reilly*, 2022 WL 301701, at *3 (dismissing on statute of limitations grounds and recognizing that the purported representative was never estate's administrator).  The putative plaintiff was unrepresented on appeal, where the Supreme Court determined that since he was not himself a named party, he could not bring the appeal. *Est. of Reilly v. Turko*, 276 A.3d 1054, at *2 (Del. 2022).

*Gross-Stannard* also did not reach the issue, as the Court dismissed the case for failure to prosecute.[82]

Defendants cite cases in support of their position that Mrs. Ryan cannot act on behalf of the Estate. In *Pinnavaia v. J.P. Morgan Chase & Co.*, the Court of Chancery employed the principle that non-attorneys may not bring derivative actions *pro se*.[83] In *X.M.B. v. KHS-B* the Family Court addressed the issue from a professional licensing view—that the non-attorney there "may not use her [power of attorney] to circumvent attorney licensing requirements that have been enacted to protect the public."[84] Last, in *Tigani ex rel. Irrevocable Trust for Benefit of Tigani v. Director*, this Court considered a vested beneficiary's *pro se* action "purportedly on behalf of" a trust.[85] The action failed for several reasons, one being that a trust is an artificial entity.[86]

The Delaware Supreme Court Rules limit non-attorney actions.[87] Rule 12 "limit[s] the persons who are authorized to sign papers filed with the Court"; for instance, it "does not provide an exception for a parent to act on their child's

---

[82] *Gross-Stannard*, 1998 WL 732944, at *1.
[83] *Pinnavaia v. J.P. Morgan Chase & Co.*, 2015 WL 5657026, at *1 (Del. Ch.) (citations omitted).
[84] *XM.B v. KH.S-B*, 2011 WL 1707241, at *2 (Del. Fam. Ct.) (citations omitted).
[85] 2020 WL 5237278, at *1 (Del. Super.).
[86] *Id.* at *4–5. Further, the action qualified as a derivative suit—which, like in *Pinnavaia*—may not be brought *pro se*. *Id.* at *4 (citations omitted).
[87] *See State v. J.R.M.*, 2016 WL 7209701, at *4 (Del. Fam. Ct.).

behal.f"[88]  Family Court has broadly construed that rule's scope, such that it applies not just to "filing papers," but also "to otherwise provid[ing] representation on behalf of another person."[89]  Although Rule 12 involves practice before the Supreme Court, it requires consideration as any appeal "could potentially involve action which is directly prohibited under Delaware law."[90]

Non-attorney representation of another is forbidden in certain contexts.[91]  This "venerable common law rule"[92] is grounded in regulation of the legal practice.[93]  *In re Mid-Atlantic Settlement Services, Inc.* the Supreme Court considered 'representation of another' while approving a decision by the Board on the Unauthorized Practice of Law:[94]

---

[88] *Id.* at *4 (emphasis removed).

[89] *Id.* at *5.

[90] *Id.  See also id.* (discussing additional argument under Supreme Court Rule 101); *Est. of Reilly v. Turko*, 276 A.3d 1054, at *2 (Del. 2022) *quoting Townsend v. Integrated Mfg. & Assembly*, 77 A.3d 272, at *2 (Del. Supr.) ("Dismissal is appropriate 'where a party is incapable of representing themselves and an appeal has been filed in a Delaware court on behalf of that party by a non-party who is not an attorney permitted to practice law in … Delaware.'").

[91] *See generally Transpolymer Indus., Inc. v. Chapel Main Corp.*, 582 A.2d 936 (Del. 1990).

[92] *Pope v. Hycroft Mining Holding Corp.*, 2024 WL 3352852, at *3 n.19 (Del. Ch.) *quoting Collingsgru v. Parma Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998).

[93] *Brown v. Dep't of Corr.*, 2006 WL 1134220, at *1 (Del. Super.).  *But see Wilson v. Breakers Hotel & Suites*, 2010 WL 3447685, at *1 (Del. Super.) *quoting Caldwell Staffing Servs. v. Ramrattan*, 2003 WL 194734, at *3 (Del. Super.) ("'[T]hough corporations must be represented by an attorney in court proceedings, a non-attorney employee may represent the employer at an administrative hearing.'").

[94] 755 A.2d 389 (Del. 2000).

[t]he practice of law occurs where there is an exercise of judgment on a legal matter by someone acting in a representative capacity. The practice of law would be unauthorized, of course, if it occurred in Delaware, on a matter of Delaware law, by someone not admitted to the Delaware Bar.[95]

The public interest provides a throughline. Delaware prohibits the unauthorized practice of law, so as "to insure the public's enjoyment of representation by 'individuals who have been found to possess the necessary skills and training to represent others.'"[96] After all, "[o]nly attorneys may be sued for legal malpractice…."[97]

Given the record, law, and Mrs. Ryan's actions (or inaction), the Court finds even if she clearly evidenced her intent to act as a non-attorney on behalf of the Estate, she could not proceed without counsel—under either federal or Delaware law. Plaintiff's Estate is an artificial entity and thus requires an attorney to act on its behalf. Mrs. Ryan would be representing the interests of another, since she would act on behalf of Plaintiff's Estate and his beneficiaries. Her prosecution of Plaintiff's claims would require that she exercise judgment on matters of Delaware law. This constitutes unauthorized practice of law.

---

[95] *Id.* at *1. The panel considered "whether a Delaware attorney is required to conduct a closing of a sale of Delaware real property or of a refinancing loan secured by Delaware real property." *Id.*

[96] *Townsend v. Integrated Mfg. & Assembly*, 2013 WL 4521087, at *1 (Del. Super.) *quoting Snyder v. Martin*, 820 A.2d 390, 393 (Del. Fam. Ct. 2001). *See also State v. J.R.M.*, 2016 WL 7209701, at *7 (Del. Fam. Ct.) (identifying representation of another as public policy issue).

[97] *Murray ex rel. Purnell v. City of Phila.*, 901 F.3d 169, 171–72 (3d Cir. 2018) (citation omitted).

## *Venue*

Both Mrs. Ryan's May 18 filing and her last appearance in this Court suggest she does not intend to proceed in Delaware. Instead, she seeks to move this case to the Commonwealth of Virginia. The Court does not have the power to grant Mrs. Ryan's request.

Mrs. Ryan requests to change venue to Virginia but cites no legal authority.[98] This is a unique factual circumstance because Plaintiff filed this action in Delaware but now seeks to litigate elsewhere.[99] Unique circumstances aside, this Court has no power to transfer this case to another state's courts for the proceedings to resume there.[100] As with state legislative power, a state court's jurisdiction is not absolute.[101] Principally, "any attempt directly to assert extraterritorial jurisdiction over persons or property would offend sister states and exceed the inherent limits of the State's power."[102]

---

[98] D.I. 135, at 5, 7. Mrs. Ryan characterizes the filing as a "Motion to Change Venue to … Virginia to grant the Right to" counsel. *Id.* at 5. To be clear, this decision is not intended to express any ruling or opinion on whether this case could now be brought in the Commonwealth of Virginia, as this Court does not have the authority to "transfer" the case in the first place.

[99] Tests addressing *forum non conveniens* utilize factors to consider a request to dismiss the Delaware action in favor of permitting the other litigation to proceed and are typically filed by the Defendant, as Plaintiff selected the forum for filing.

[100] *See generally* Restatement (Second) of Conflict of Laws § 84 cmt. e (1971) ("A court lacks power to transfer a case to the courts of another state."). *See also United States v. W. Elec. Co.*, 1982 WL 1796, at *1 (D.N.J.) ("[A] case pending in the courts of one State cannot be transferred to the courts of another State….").

[101] *See Salzberg v. Sciabacucchi*, 227 A.3d 102, 136 (Del. 2020) *quoting Edgar v. MITE Corp.*, 457 U.S. 624, 643 (1982).

[102] *Id. quoting Edgar*, 457 U.S. at 643.

## *Conclusion*

Despite this Court's efforts to 'get the case back on track' following the January 2025 continuance, it has remained off the rails. Since counsel's withdrawal in September of 2025, the Court has urged Mrs. Ryan to find an attorney and move this case forward. She has not obtained an attorney; further, she has not explained if or how she may proceed *pro se*.[103]

The Court has endeavored to clarify Mrs. Ryan's intentions, understanding the difficulties a non-lawyer faces in a courtroom, particularly after the loss of her husband. Mrs. Ryan indicated, more than once, that she planned to retain counsel, but that has not happened despite multiple extensions. And although Mrs. Ryan expressed that she would proceed *pro se* if she did not find counsel,[104] her most recent filing now indicates her wish to proceed in Virginia.[105] The Court has struggled to reconcile the actions (or inaction) and bring this case to trial. It appears Mrs. Ryan does not wish to have this case on a trial track in Delaware.

---

[103] A *pro se* litigant is "[o]ne who represents oneself in a court proceeding without the assistance of a lawyer…." PRO SE LITIGANT, Black's Law Dictionary (12th ed. 2024). To act *pro se* means to act: "[f]or oneself; on one's own behalf; without a lawyer…." PRO SE, Black's Law Dictionary (12th ed. 2024). *See also Wood v. Collison*, 2014 WL 7149214, at *4 (Del. Super.) (citation omitted). Technically speaking, any purported representation by Mrs. Ryan is not *pro se*—although she is a statutory beneficiary, she acts on behalf of an estate with multiple beneficiaries other than herself. Mrs. Ryan is thus not representing herself. For the sake of brevity, though, the Court uses the term '*pro se*' when discussing the present scenario.

[104] *See* D.I. 132.

[105] *See* D.I. 135, at 5, 7.

At least in part, dismissal hinges on the Court's determination that Mrs. Ryan cannot proceed without an attorney.[106] Central to this issue is Mrs. Ryan's representative role.[107] This lawsuit remains Plaintiff's: it is a survival action in his name, for his personal injuries.[108] Further, recovery for his Jones Act claim would accrue to certain statutory beneficiaries—here, his spouse and children.[109] As for his other two claims under the general maritime law, Defendants contend that those claims did not survive Plaintiff's death and, at any rate, cannot be brought by Mrs. Ryan without an attorney.[110]

---

[106] Although her last filing signals that she now seeks counsel in another jurisdiction, in the interest of providing a comprehensive analysis the Court considers her previous statements.

[107] *See* D.I. 134, at 1–2 (characterizing representative capacity).

[108] Although strictly speaking Mrs. Ryan is now substituted as the plaintiff—*see generally* 10 *Del. C.* § 3704; Super. Ct. Civ. R. 25; D.I. 75—at the same time the "survival statute … does not create a new cause of action." *DeNardo v. Rodriguez*, 1993 WL 81319, at *3 (Del. Super.). Instead, "it merely permits a cause of action brought by a plaintiff to survive subsequent to the death of that plaintiff by substituting his personal representative as plaintiff." *Id. See also Cooper ex rel. Est. of Locke v. Seasons Hospice & Palliative Care of Del., Inc.*, 2024 WL 469514, at *3 (Del. Super.) ("The survivors action provides that certain rights of action shall survive to the personal representative…."). Mrs. Ryan and her children have no independent claims.

[109] In addition to Mrs. Ryan, there are two children—one of whom is an adult, *see* D.I. 135, at 7—who are statutorily-designated beneficiaries. Specifically, "the Jones Act makes applicable to seamen the substantive recovery provisions of the older FELA [Federal Employers' Liability Act]." *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) (citation omitted). That "survival provision limits recovery to losses suffered during the decedent's lifetime." *Id.* at 36 *citing* 45 U.S.C. § 59. Such claim passes to Plaintiff's "personal representative, for the benefit of the surviving widow … and children…." 45 U.S.C. § 59.

[110] Defendants contend that the general maritime law claims do not survive under federal law, and that their survival under state law "remains an open question…." D.I. 134, at 2 (citations omitted). And even if the latter two claims did survive, Defendants assert the same result as with the Jones Act claim—that Mrs. Ryan cannot represent the Estate and beneficiaries. *Id.*

Proceeding without an attorney to represent the Estate and beneficiaries' interests is against the balance of law and policy under both federal law and Delaware law. Without an attorney, Mrs. Ryan would impermissibly represent another's interests on all three claims. The Court need not reach whether the general maritime law claims survive.

The transfer sought is beyond the Court's authority. As demonstrated by the repeated request for transfer—which this Court cannot grant—the Court's attempts in moving this case forward have not been productive. Unlike in *Draper*, where the *pro se* plaintiff appropriately waited for further judicial action, the lack of trial date here is due to a failure to prosecute after prodding by the Court.[111]

The Court returns to Rule 41. Nine months and three extensions have passed with no movement after the January 2025 trial date was continued at the last minute. The continuance involved the same issues facing the Court now. In September of 2025, the Court first directed Mrs. Ryan to find an attorney. No action has been taken to move this litigation forward in this Court since. Therefore, this matter is dismissed.

**IT IS SO ORDERED.**

**/s/Sonia Augusthy**
Judge Sonia Augusthy

---

[111] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001).